**PARTLOW, Plaintiff-Appellee, v. AARON et,
Defendants-Appellants.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3438. Decided December 7, 1951.

Zieger & Coope, Youngstown, for plaintiff-appellee.
William E. Lewis, Youngstown, for defendants-appellants.

252

By THE COURT.

On March 25, 1946, plaintiff and defendant, Howard P. Aaron, entered into an agreement in writing by the terms of which defendant, Howard P. Aaron, granted plaintiff exclusive right for thirty days to sell real estate situated in Mahoning County, title to which resided in his wife, defendant, Helen E. Aaron.

Plaintiff claims that during the existence of that contract he contacted Karam Sheban, the subsequent purchaser of such real estate, for whom he had been trying to secure a home, but that he was unable upon request by plaintiff to go with him to view defendant, Helen E. Aaron's real estate during the life of that contract.

About a year after the expiration of such written contract defendant, Helen E. Aaron, advertised the same real estate for sale in the Youngstown Vindicator, "I believe that was in 1947." Subsequently Karam Sheban went to see such real estate and purchased it for $12,500 on May 10, 1947.

Defendant, Helen E. Aaron, refused to pay plaintiff a demanded commission of $625.00. Thereupon plaintiff sued defendants, Howard P. Aaron and Helen E. Aaron, in the court of common pleas to recover that amount of money, claiming that upon the expiration of such written contract with defendant, Howard P. Aaron, he entered into a verbal contract with defendant, Helen E. Aaron for the sale thereof; that Karam Sheban was his prospect; and that it was as the result of his efforts that Sheban purchased such property.

The jury returned a verdict for the plaintiff against defendants for $625.00, upon which the trial judge entered judgment. Defendants appealed from that judgment to this court on questions of law.

Witness Sheban testified: "Naturally, I thought back that Mr. Partlow had mentioned the home and maybe it is wise for me to go out and look at it." "I asked her (defendant, Helen E. Aaron) point blank is this house,—does Mr. Partlow have anything to do with this place and she said definitely not and that was all there was to it; I didn't argue with her any further."

Defendant, Helen E. Aaron, testified: "Yes, I said, how do you know about my house, and he said, I saw it in the paper but Mr. Partlow has been trying to get me a house for a long time, and I says, I have nothing to do with Mr. Partlow, and he says, that is right but Partlow and I are good friends, and he said, that is between Mr. Partlow and myself, he says, I will fix him up (which he never did), and I say, Mr. Partlow

don't have nothing to do with me, and he says, well, Mrs. Aaron, don't worry about it, Partlow and I are good friends."

Further reference to the evidence is unnecessary in order to understand the questions presented for our consideration and determination, except as noted hereafter, other than to say it is decidedly conflicting and contradictory on every issue arising between the parties, which presented questions for the determination of the jury, and which frees the trial judge of the charge of the commission of prejudicial error in overruling defendants' motion for a verdict to be directed in their favor made at the close of plaintiff's case, at the close of defendants' case, and at the conclusion of all the evidence.

Defendants waived their right to rely on the claimed error that the trial judge erred to their prejudice in overruling their motion for a verdict to be directed in their favor when they accepted the ruling of the court and proceeded with their defense and introduced evidence in their own behalf. **Halkias, Appellee, v. Wilkoff Co., Appellant, 141 Oh St 139.**

In his general charge to the jury the trial judge said:—

"This is a suit on a contract; plaintiff claims he had a contract with these two defendants; if he did not have a contract with either defendant he cannot recover because the suit is on a contract; he must stand on a contract. As to defendant, Howard Aaron, the plaintiff had a contract in writing, which is known as Plaintiff's Exhibit 1, signed by Howard P. Aaron and also signed by James P. Partlow. So as to the first issue, whether there was a contract as between the plaintiff and Howard Aaron, I instruct you as a matter of law that there was a contract in writing known as Plaintiff's Exhibit 1, hence, no further proof is needed because that is the contract. The next issue as to the defendant Howard P. Aaron is whether or not the plaintiff, Mr. Partlow, was the procuring cause of the defendants securing a purchaser and making the sale. Was the plaintiff the procuring cause of the sale to Mr. Sheban? Because the sale to Mr. Sheban by the Aarons is admitted, there is no question about it; they did sell the property to Sheban. This second issue then is, was Mr. Partlow the procuring cause of the defendants securing Mr. Sheban as a purchaser and the making of the sale? If Partlow was the procuring cause, then your verdict is for the plaintiff against Howard Aaron for the amount which I have in the verdict. If Partlow was not the procuring cause, then your verdict is for the defendant Howard Aaron. As to Mrs. Aaron, I told you the first issue is whether there was a contract, so there is an issue of fact for the jury there. Was

there a contract between Mr. Partlow and Mrs. Aaron? There was no contract in writing; there is no question about that; she did not sign this. Was there an oral contract between Partlow and Mrs. Aaron by the terms of which he was to use his efforts to secure a purchaser for her property and receive, in the event of a sale, the commission of five per cent? That is a question of fact under the evidence here; whether there was a verbal contract between them by which he was to use his efforts to sell her property and be paid the commission in the event of a sale. If you do not find there was a contract between them, then your verdict is for Mrs. Aaron. If, on the other hand, you find by the greater weight of the evidence that there was a verbal contract between them of the nature I have said, then the next question is the same question you had as to Mr. Aaron; was Partlow the procuring cause of the securing of Sheban as the purchaser and the making of the sale by Aarons? In the event that you find by the greater weight of the evidence that the plaintiff was the procuring cause of that sale to Sheban, then in that event your verdict is for the plaintiff against Mrs. Aaron; that is to say, if you find by the greater weight of the evidence that there was a verbal contract between them as claimed by the plaintiff and that plaintiff was the procuring cause of the sale, then your verdict is for the plaintiff against Mrs. Aaron."

Defendants contend that the trial judge erred in so charging the jury, especially with reference to the existence of a verbal contract between plaintiff and defendant, Helen E. Aaron, and claims that they are entitled to a reversal of the judgment of the trial court and entrance by this court of final judgment in their favor for the reasons stated; or, if not entitled to final judgment, they claim they are entitled to a reversal because "the verdict of the jury and the judgment of the trial court is manifestly against the weight of the evidence," and contrary to law.

In this case plaintiff brought suit against defendants, Howard P. Aaron and Helen E. Aaron on a contract praying judgment for a real estate commission of five percent alleged to be due in connection with the sale of the real estate owned by defendants. Separate answers were filed by the defendants placing in issue the question whether there was any contract authorizing a judgment against defendant, Howard P. Aaron, for five percent of the sale price, and placing in issue the question whether there was any contract between plaintiff and defendant, Helen E. Aaron, authorizing a judgment against her for five percent of the sale price.

In charging the jury the court instructed it that there was

a written contract between plaintiff and defendant, Howard P. Aaron, authorizing a commission of five percent. It is clear from the written contract itself, which is in evidence, that such contract ran only for thirty days. It is further clear from the express allegation of that written contract that if any sale was made to a purchaser introduced to defendant, Howard P. Aaron, by plaintiff within sixty days after the expiration of the thirty days therein named then the commission would be one-half of five percent of the sale price. There is no ambiguity in the written contract.

The sale was not made within sixty days after the original term named in the contract so that there was no compliance by plaintiff with that contract unless the purchaser was introduced within such sixty days. There could not possibly be a verdict against defendant, Howard P. Aaron, for more than one-half of the five percent commission, and then only if the purchaser was introduced by plaintiff within sixty days, the sale not having been made for more than a year after the expiration of the date named in the contract.

The court charged the jury as follows:—

"As to defendant Howard Aaron, the plaintiff had a contract in writing, which is known as Plaintiff's Exhibit 1, signed by Howard P. Aaron and also signed by James P. Partlow. So as to the first issue, whether there was a contract as between the plaintiff and Howard Aaron, I instruct you as a matter of law that there was a contract in writing known as Plaintiff's Exhibit 1, hence, no further proof is needed because that is the contract."

The court did not charge the jury with reference to this clause in that contract:—

"If property is sold to anyone that broker has contacted within sixty days after expiration of this option, one half of the commission is to be paid to broker."

The court did not charge the jury that the plaintiff must prove by a preponderance of the evidence that he had contacted within sixty days after expiration of the contract the purchaser to whom the property was later sold. Under the court's charge it seems clear that the jury could do nothing other than return a judgment for the full five percent of the sale price, provided the dealer at **any time before the sale** had contacted the purchaser to whom the property was sold.

The court also charged the jury:—

"Now, I have taken the issues in two parts: First, as applying to Mr. Aaron and, second, as applying to Mrs. Aaron because under the evidence in the case the jury may find, if it

so decides under the evidence and the law, in favor of the plaintiff against Mr. Aaron or in favor of the plaintiff against both Mr. and Mrs. Aaron. You cannot find against Mrs. Aaron alone. Your verdict in the event it is for the plaintiff is either against Mr. Aaron or against both of the Aarons. In the event you do not find for the plaintiff against either of them, your verdict is then for both defendants."

As stated above, under the terms of the written contract with defendant, Howard P. Aaron, plaintiff had no right of recovery against the latter except he established by the preponderance of the evidence that he had contacted the purchaser within sixty days from the expiration of the contract, and in that event his right of recovery would only be one-half of five percent commission named in the written contract. The sale was not made until much more than a year after the expiration of sixty days from the thirty day limit of the contract.

Since the court charged the jury that it could not find against defendant, Helen E. Aaron alone, and had erroneously charged that the jury could find in favor of defendant, Howard P. Aaron, for the full five percent of the sale price in the event the jury also found that plaintiff had secured the purchaser it seems clear that the error in the charge with relation to the written contract prevented any judgment against defendant, Helen E. Aaron.

The jury returned a joint verdict against both defendants for the full five percent of the purchase price for which the property sold.

Under the charge and the evidence in this case it is manifest that there was error prejudicial to both defendants warranting a reversal either upon the weight of the evidence or because of errors in the charge of the court to the jury.

NICHOLS, GRIFFITH and PHILLIPS, JJ, concur.